UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
PADMAWATTI PARSAN,                            :
                Plaintiff,                 :
                                             :   **MEMORANDUM & ORDER**
        -against-                                :   **of REMAND**
                                             :   **23-cv-5622(DLI)(JRC)**
BJ'S WHOLESALE CLUB, INC.,                    :
                Defendant.                :
--------------------------------------------------------x

**DORA L. IRIZARRY, United States District Court Judge:**

        On August 8, 2022, Padmawatti Parsan ("Plaintiff") filed this personal injury action in New York State Supreme Court, Kings County ("state court") against BJ's Wholesale Club, Inc. ("Defendant"), alleging state law tort claims in connection with an incident where Plaintiff was struck by a sign while shopping at Defendant's store. *See,* Complaint ("Compl."), Dkt. Entry No. 1-1. On July 26, 2023, Defendant removed the action to this Court, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *See*, Removal Notice ("Notice"), Dkt. Entry No. 1, ¶¶ 8, 12, 18. To date, Plaintiff has not filed a motion for remand. For the reasons set forth below, this case is remanded to state court *sua sponte* for failure to establish subject matter jurisdiction.

## DISCUSSION

        As a threshold matter, the Court first must address whether it may remand this case to the state court *sua sponte*, absent a motion from Plaintiff. The relevant statute, 28 U.S.C. § 1447(c), states in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

*Id.* The Second Circuit has construed this statute to authorize a district court, at any time, to remand a case *sua sponte* upon a finding that it lacks subject matter jurisdiction. *See*, *Mitskovski*

*v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133-34 (2d Cir. 2006) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).  The Second Circuit has cautioned district courts to "construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Hum. Aff. Int'l Inc.*, 28 F.3d 269, 274 (2d Cir. 1994).

Where, as here, a defendant removes a case based on diversity jurisdiction, the defendant bears the burden of establishing that the requirements of diversity jurisdiction have been met.  *See, Brown v. Eli Lilly & Co.*, 654 F.3d 347, 356 (2d Cir. 2011).  Pursuant to 28 U.S.C. § 1332(a), the removing party must establish that: (1) the amount in controversy exceeds the $75,000 jurisdictional threshold, exclusive of costs and interest; and (2) there is complete diversity of citizenship of the parties.  *Id*.  Here, the Court finds that Defendant has failed to meet its burden of establishing either jurisdictional requirement, warranting remand.

I.   **Amount in Controversy Requirement**

A removing party must establish "that it appears to 'a reasonable probability' that the claim is in excess of [$75,000]," exclusive of interest and cost.  *United Food & Comm. Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994) (internal citations omitted); 28 U.S.C. § 1332(a).  "[I]f the jurisdictional amount is not clearly alleged in [the] complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Lupo*, 28 F.3d at 273-74 (internal citations and quotation marks omitted).  Here, Defendant has not established that the amount in controversy requirement is met and, thus, has not established this Court's subject matter jurisdiction, warranting remand.

In the Notice, Defendant explicitly states that "[the] Complaint does not specify the amount of damages [Plaintiff] seek[s] in the action" instead using only "boilerplate language to assert" Plaintiff's injuries and damages only.  Notice, ¶ 4 (citing Compl. ¶ 18).  Nonetheless, Defendant alleges that the amount is controversy requirement is satisfied because Plaintiff submitted a Bill of Particulars ("BOP") that alleges injuries sustained and treatment received from which it may "be ascertained that the case is . . . removable." *Id.* ¶¶ 6-7 (listing injuries identified in BOP including, *inter alia*, "[b]lunt head injury" and "[p]osterior disc protrusion at C3-C4 contribut[ing] to effacement of the ventral thecal sac and contact of the ventral surface of the spinal cord") (citing BOP, Dkt. Entry No. 1-4, ¶ 18(a)).  Based on the BOP, Defendant states that, "[u]pon information and belief, plaintiff's claimed injuries and medical treatment reach the threshold necessary for removal." *Id.* ¶ 6.  Notably, Defendant does not set forth the basis of its "information and belief."

Defendant's reliance on the BOP does not suffice to establish the amount in controversy required for removal.  The BOP's allegations regarding Plaintiff's alleged injuries are insufficient because they do not specify the "extent of Plaintiff's injuries…or [provide sufficient] details regarding the other losses [Plaintiff] purportedly suffered." *Herrera v. Terner*, 2016 WL 4536871, at *2 (E.D.N.Y. Aug. 30, 2016).  Additionally, the BOP does not state any monetary sums sought, owed, or incurred. *See, e.g., King v. Romero*, 2022 WL 18009943, at *2 (S.D.N.Y. Dec. 30, 2022) (explaining that a bill of particulars that "does not contain a specific amount that Plaintiff seeks in damages" but "discloses that Plaintiff has undergone multiple spinal surgeries" fails to establish that the amount in controversy exceeds the $75,000 threshold to a "reasonable probability").  Additionally, as Defendant admits, the Complaint also does not specify the amount of damages, using only boilerplate language instead. *See,* Notice, ¶ 4.  Thus, the Court is left to guess at the

amount in controversy based on the boilerplate language in the Complaint and BOP concerning Plaintiff's injuries, which Defendant merely repeats in the Notice.

Such boilerplate pleadings are too generalized to enable the Court to "draw a reasonable inference—as opposed to speculating—that the damages or amount in controversy exceeds $75,000." *See, e.g., Minaudo v. Sunrise at Sheepshead Bay*, 2023 WL 110359, at *3 (E.D.N.Y. Jan. 5, 2023) (collecting cases remanded for failure to establish amount in controversy, even where permanent, serious, and fatal injuries were alleged because allegations did not particularize extent of injuries or damages); *Thurlow v. Costco Wholesale Corp.*, 2017 WL 387087, at *2 (W.D.N.Y. Jan. 27, 2017) (finding defendant had not met burden to establish amount in controversy upon removal when plaintiff suffered "a non-displaced fracture of the left radial head and a rupture of the lateral ulnar collateral ligament" and underwent surgery to repair her injury). Accordingly, Defendant has failed to establish with reasonable probability that the amount in controversy requirement is met for purposes of establishing diversity jurisdiction, warranting remand.

Notably, Defendant was not without recourse to determine the damages sought prior to removal. As Defendant acknowledges, and "[a]s courts in this district have reiterated time and time again in *sua sponte* remanding cases, the state courts provide an established and simple mechanism for ascertaining the amount in controversy, through a supplemental demand under [N.Y. C.P.L.R.] § 3017(c)[.]" *Cavaleri v. Amgen Inc.,* 2021 WL 951652, at *3 (E.D.N.Y. Mar. 12, 2021) (collecting cases); *See,* Notice ¶ 5-6 (discussing this mechanism). This procedural mechanism permits a defendant in "an action to recover damages for personal injuries" to, "at any time[,] request a supplemental demand setting forth the total damages to which the pleader deems himself entitled." N.Y. C.P.L.R. § 3017(c). Under this mechanism, a plaintiff is required to provide the supplemental demand within fifteen days of the request and failure to provide the

4

information allows a defendant to move in state court for an order directing the production of that information.  N.Y. C.P.L.R. § 3017(c).  Significantly, and as Defendant also acknowledges, "the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought."  *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010); *See,* Notice ¶ 13 (acknowledging same).

Apparently, Defendant served a request for a demand pursuant to N.Y. C.P.L.R. § 3017(c) but, fatally, it did not utilize this procedural mechanism to its fullest extent.  Indeed, Defendant alleges that it "served Plaintiff with a Demand Pursuant to CPLR § 3107(c)" but that "Plaintiff has not yet submitted a specific written response to the [d]emand."  Notice ¶¶ 5-6.  Puzzlingly, instead of moving in state court under N.Y. C.P.L.R. § 3017(c) for an order directing Plaintiff to serve a specific demand, Defendant removed the case prematurely and at its own peril.  *See, Cavaleri,* 2021 WL 951652, at *3 (collecting cases); *See also, Cadmen v. CVS Albany, L.L.C.*, 2022 WL 138056, at *2 n. 2 (E.D.N.Y. Jan. 14, 2022) (finding removal of state action "premature" where defendant failed to use N.Y. C.P.L.R. § 3017(c) to determine damages sought before removing).  Defendant "should have availed [itself] of the state's procedures rather than removing the action to this Court without the proper basis on which to do so."  *Bader v. Costco Wholesale Corp.*, 2018 WL 6338774, at *2 (E.D.N.Y. Dec. 4, 2018) (internal quotation marks and citations omitted).

**II.    Diversity of Citizenship Requirement**

While Defendant's failure to establish the amount in controversy alone suffices to warrant remand, it bears noting that Defendant also has failed to establish that the diversity of citizenship requirement is met because it did not allege Plaintiff's citizenship.  "[A]n individual's citizenship for diversity purposes is determined by his or her domicile, not his or her residence."  *Century Metal Recycling, Pvt. Ltd. v. Dacon Logistics, LLC*, 2013 WL 5929816, at *2 (D. CT. Nov. 4,

5

2013) (citing *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000)). "Allegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mutual Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997).

Here, Defendant alleges that "there is complete diversity of citizenship" because Defendant "is a citizen of Delaware" and "is not a citizen of New York." Notice ¶¶ 8, 11-12. As Defendant does not speak to Plaintiff's citizenship whatsoever, its allegations regarding the diversity of citizenship requirement remain conclusory. *See, Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016) (explaining that allegations that defendant "is a citizen of a different state" than plaintiff or is not a citizen of "the same state as the plaintiff" are "entirely conclusory" and "insufficient to show that the diversity requirement is met"); *Ocean Units LLC v. Illinois Union Ins. Co.*, 528 F. Supp.3d 99, 102-03 (E.D.N.Y. 2021) (collecting cases) ("'The decisions of [the Supreme Court] require, that the averment of jurisdiction shall be positive[.]'") (quoting *Brown v. Keene*, 33 U.S. 112, 114 (1834)). The Complaint also is silent as to Plaintiff's citizenship. *See,* Compl. ¶ 1 (identifying Plaintiff's residence only). Thus, the allegations provided are insufficient to establish or determine Plaintiff's citizenship and this Court lacks subject matter jurisdiction for the additional reason that Defendant has failed to establish diversity of citizenship.

It bears noting that Defendant also failed to comply with the recently enacted Fed. R. Civ. P. 7.1(a)(2), which states that "[i]n an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a)," a party "must, unless the court orders otherwise, file a disclosure statement" which "must name[,] and identify the citizenship of[,] every individual or entity whose citizenship is attributed to that party" at the time the action is "filed in or removed to federal court." Fed. R. Civ. P. 7.1(a)(2). Furthermore, a party must file the disclosure statement "with its first appearance, pleading, petition, motion, response, or other request addressed to the court[.]" Fed. R. Civ. P. 7.1(b). Here, Defendant did not file a disclosure statement in compliance with this rule.

6

## **CONCLUSION**

For the reasons set forth above, this case is remanded for lack of subject matter jurisdiction to New York State Supreme Court, Kings County, under Index No. 522785/2022, for further proceedings.

SO ORDERED.

Dated: Brooklyn, New York
September 19, 2023

/s/

DORA L. IRIZARRY
United States District Judge